MORRIS, Appellee,

v.

Conrad, Admr., OHIO BUREAU OF EMPLOYMENT SERVICES.

[Cite as *Morris v. Ohio Bur. of Emp. Serv.* (1993), 90 Ohio App.3d 295.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–255.

Decided Sept. 14, 1993.

*Gary Paul Price,* for appellee.

*Lee Fisher,* Attorney General, *James A. Barnes* and *Virginia M. Wall,* Assistant Attorneys General, for appellant.

WHITESIDE, Judge.

Appellant, the Administrator of the Ohio Bureau of Employment Services ("OBES"), appeals from a judgment in the Franklin County Court of Common Pleas granting unemployment compensation to appellee, Nicholas J. Morris, and raises the following assignments of error:

1. "The lower court abused its discretion by reversing the board of review['s] decision when the evidence clearly established that appellant failed to meet a term and condition of employment."

2. "The lower court abused its discretion by applying a standard that is inapplicable to a contractual employment situation."

Appellee was employed by Ned Bard & Son Co. as a truck driver from July 18, 1989 until May 3, 1991. The appellee's driver's license was suspended as a result of citations his brother had received using a license in appellee's name obtained without appellee's knowledge or consent. As a result of the license suspension, the trucking company disqualified appellee as a driver. A stay of the license suspension was granted by the Franklin County Common Pleas Court. Appellee attempted to appeal the decision of the Ohio Bureau of Motor Vehicles imposing the license suspension, but filed his appeal in municipal court, rather than common pleas court. The municipal court transferred the appeal to the common pleas court, which dismissed the appeal for lack of jurisdiction because the appeal was not originally filed in that court. The common pleas court then lifted the stay, and the suspension of appellee's driving privileges resumed. The employer discharged appellee because he did not have a valid driver's license.

Appellee filed an application for determination of benefit rights on May 8, 1991. His first weekly claim was disallowed. A request for reconsideration was denied. The Unemployment Compensation Board of Review ("board of review") affirmed the denial of benefits since appellee failed to meet a condition of his continued employment. Appellee attempted to institute further appeal to the board of review, but the appeal was disallowed on February 20, 1992. Appellee then filed an appeal to the Franklin County Court of Common Pleas.

The Franklin County Court of Common Pleas reversed the board of review's decision and remanded the case with instructions to allow appellee's application for benefits. OBES has appealed that decision to this court.

As the assignments of error are related, they will be discussed together. OBES contends that the common pleas court abused its discretion by reversing the board of review's decision. The standard of review for a common pleas court in such situations is provided for by R.C. 4141.28(O), as follows:

" * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision * * *; otherwise such court shall affirm such decision. * * *" See, also, *Brown–Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, 515, 36 O.O. 167, 169, 76 N.E.2d 79, 82.

Therefore, the common pleas court must have found that the decision by the board of review denying appellee benefits was unlawful, unreasonable or against

the manifest weight of the evidence. As this court has earlier stated in *Angelkovski v. Buckeye Potato Chips Co., Inc.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 244, 463 N.E.2d 1280, 1282, "[t]he role of the court of common pleas, upon an appeal based on factual grounds, is limited to determining whether the board's decision is supported by evidence in the record," citing *Kilgore v. Bd. of Review* (1965), 2 Ohio App.2d 69, 71, 31 O.O.2d 108, 109, 206 N.E.2d 423, 424. We must determine whether the trial court abused its discretion in so finding.

As stated by the Ohio Supreme Court in *Leach v. Republic Steel Corp.* (1964), 176 Ohio St. 221, 223, 27 O.O.2d 122, 123, 199 N.E.2d 3, 5, the purpose of the Ohio Unemployment Compensation Act "is to enable unfortunate employees, who become and remain *involuntarily* unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day." (Emphasis *sic.*) See, also, *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 14, 482 N.E.2d 587, 589. The court also discussed the intent of this Act in *Salzl v. Gibson Greeting Cards, Inc.* (1980), 61 Ohio St.2d 35, 39, 15 O.O.3d 49, 51, 399 N.E.2d 76, 79, stating that "[t]he act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." See, also, *Irvine.*

R.C. 4141.29(D) provides:

" * * * [N]o individual may * * * be paid benefits under the following conditions:

" * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He * * * has been discharged for just cause in connection with his work * * *."

The Administrator found that appellee was discharged for just cause and therefore denied his application for weekly benefits. The trial court reversed that decision because no just cause existed for appellee's termination.

■ "Just cause" has been described by the Ohio Supreme Court in *Irvine, supra,* 19 Ohio St.3d at 17, 19 OBR at 14, 482 N.E.2d at 589:

" * * * '[T]here is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' * * *" Quoting *Peyton v. Sun T.V. & Appliances* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 9, 335 N.E.2d 751, 752.

The Administrator found that just cause existed to terminate appellee's employment because he had failed to meet a requirement of his employment—namely, to maintain a valid driver's license. This was a requirement imposed upon the employer by both its insurance company, which would not insure a driver without a license, and the United States Department of Transportation (Section 391.15 of the Fleet Safety Compliance Manual). If the employer allowed a driver to drive without a valid commercial driver's license, the employer would be subject to a fine. Although, from the employer's perspective, the termination was for just cause since appellee could no longer perform the work for which he was hired, "just cause" as used in R.C. 4141.29 refers to a justifiable reason for terminating an employee from the employee's perspective and necessarily must be predicated upon conduct of the employee. For example, an employer who has insufficient work to keep an employee may have "just cause" for discharge from the employer's perspective, but the employer does not have "just cause" under R.C. 4141.29(D).

■ The trial court reversed the board of review's decision because the hearing examiner determined that fault was not an issue. The trial court stated:

" * * * [T]he court must also consider whether or not there was any fault of the appellant [appellee] involved in his loss of license because to be terminated for just cause requires some fault on the part of the terminated employee, absent the existence of an overwhelming contractual provision. *Sellers v. Unemployment Comp. Bd. of Review* (1981), 1 Ohio App.3d 161 [1 OBR 473, 440 N.E.2d 550]."

This court, in paragraph two of the syllabus of *Sellers,* determined that, in order to constitute just cause under R.C. 4141.29 " * * * there must be some fault on the part of the employee involved, in the absence of an overwhelming contractual provision. Such fault does not require misconduct; but, nonetheless, fault must be a factor in the justification for discharge." In other words, to determine whether just cause exists, there must first be conduct by the employee, which in turn must be unjustifiable. The fault required is conduct by the employee for which the employee is responsible. It does not necessarily have to be wrongful conduct or misconduct. In this case, there was no conduct of appellee for which he is responsible which caused the condition leading to termination of his employment.

OBES states that the employment relationship in this case necessarily involves "an overwhelming contractual provision." OBES contends that, to maintain a statutorily required condition of employment, "is contractual in nature and overwhelming in terms of its importance and necessity." The apparent contention is that, since appellee was required to maintain a valid driver's license, but could not do so, fault is not an issue.

The trial court properly did not adopt this argument. The trial court stated:

" * * * [I]n considering this case in light of both *Sellers* and *Peyton, supra,* this court believes that appellant was no longer suitable for his employment upon the loss of his license, but through no fault of his own. * * * "

There was no express contractual provision as to licensing. However, it is obvious that a truck driver must have a valid license permitting him to drive the truck. That, however, is not the issue here. This "condition" of being licensed is no different from the condition requiring an employee to report for work every day, as in *Sellers, supra.* In *Sellers,* this court determined that an employee who was discharged because she was absent from work for legitimate reasons was not discharged with just cause, and the dicta suggesting that the result might be otherwise if there be "an overwhelming contractual obligation" must be read in light of those facts.

The issue is not whether the discharge itself is wrongful or justified from an employment-contract viewpoint. Rather, there is a distinct difference between a wrongful discharge and "just cause for discharge," pursuant to R.C. 4141.29. Appellee seems to meet the *Salzl* definition of an individual the Ohio Unemployment Compensation Act was intended to assist as "an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." *Salzl,* 61 Ohio St.2d at 39, 15 O.O.3d at 52, 399 N.E.2d at 79.

There must be conduct of the employee causing the discharge for there to be just cause for discharge. In addition, such conduct must be of a nature that it is not justifiable. This is the holding in *Sellers* and *Peyton.* See *Sellers,* 1 Ohio App.3d at 164, 1 OBR at 475, 440 N.E.2d at 552. This court determined in *Peyton* that an applicant could not be denied benefits for resigning from a job because of obvious incompatibility with the work he was attempting to perform.

This case is different from *Mayes v. Ohio Bur. of Emp. Serv.* (1986), 32 Ohio App.3d 68, 513 N.E.2d 818, where this court affirmed the denial of benefits to an applicant who was a school bus driver. The driver was convicted of driving while intoxicated for an offense during off-work hours but was refused insurance by the school's insurance company. The school district revoked her bus driver's certificate and terminated her employment. The denial of unemployment compensation was affirmed because the just-cause finding was appropriate. The loss of driving privileges by Mayes was a direct result of unjustifiable conduct on her part in that she was convicted of driving while intoxicated, even though not work-related. *Mayes* supports the trial court's conclusion since here no conduct of appellee was involved in causing the suspension of his driving rights.

In this case, both the employer and appellee agree that the loss of driving privileges was through no fault of appellee. The hearing examiner did not find otherwise. The common pleas court did not abuse its discretion in finding there has been no showing of just cause for appellee's termination from employment. This is not inconsistent with the board of review's determination since it refused to consider "fault," applying instead the employment-contract standard for wrongful discharge. Therefore, we find that the trial court did not abuse its discretion in finding, as a matter of law, that appellee was terminated without just cause as required by R.C. 4141.29 and was, therefore, entitled to benefits since the evidence does not support a finding that conduct of appellee created the condition resulting in discharge. Consequently, both of appellant's assignments of error are not well taken.

For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.