WILSON, Appellee,

v.

MATLACK, INC.; Ohio Bureau of Employment Services, Appellant.

[Cite as *Wilson v. Matlack, Inc.* (2000), 141 Ohio App.3d 95.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 00 CA 02.

Decided May 18, 2000.

*Butler, Cincione, DiCussio, Dritz & Barnhart* and *Alphonse P. Cincione*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Patria V. Hoskins*, Assistant Attorney General, for appellant, Administrator, Ohio Bureau of Employment Services.

---

HARSHA, Judge.

Matlack, Inc. fired the appellee, Thomas O. Wilson, after a random drug test detected marijuana in his system. The Ohio Bureau of Employment Services ("bureau") denied unemployment benefits to the appellee, finding that Matlack discharged him for "just cause" in connection with his work. The Lawrence County Court of Common Pleas reversed the bureau's determination on the basis that the appellee's discharge did not comport with his union's collective bargaining agreement with Matlack. The bureau raises a single assignment of error on this appeal:

"The lower court erred when it reversed the Unemployment Compensation Review Commission's decision, which was not unlawful, unreasonable, or against the manifest weight of the evidence."

We agree that the common pleas court erred in its analysis of the appellee's entitlement to unemployment benefits. Accordingly, we reverse.

I

Matlack is an interstate trucking company that operates a terminal in Ironton. Because it is a common carrier engaged in interstate commerce, Matlack is required to comply with federal motor carrier safety regulations promulgated by the United States Department of Transportation. See Section 382.103, Title 49, C.F.R. One such regulation requires random drug testing of commercial motor vehicle drivers. See Section 382.305, Title 49, C.F.R. Matlack complied with this federal mandate by administering random drug testing in accordance with its company policy and the collective bargaining agreement with the appellee's union.

The appellee worked for Matlack as a truck mechanic from February 1969 until his discharge in January 1996. The appellee's duties as a mechanic required him to periodically drive Matlack's commercial trucks. The appellee was therefore required to maintain a commercial driver's license; he was also subject to Matlack's random drug testing policy. During his employment with Matlack, the

appellee attended mandatory substance abuse awareness training and was aware of Matlack's drug testing policy.

In January 1996, the appellee was chosen for a random drug test. At the time he was called, the appellee was on leave with a nonwork-related injury. After initially objecting to being tested while on leave, the appellee reported to the designated testing location and gave a urine sample. The appellee's sample tested positive for marijuana. After learning of the result, Matlack suspended the appellee until the test results were confirmed. The appellee requested a second drug test, to be conducted at his own expense. He later withdrew his request after learning that he would not be allowed to submit a new urine specimen for testing; rather, the second test would be performed using a "split sample" of his previous specimen. After confirming the positive result, Matlack discharged the appellee for failure to comply with its substance abuse policy.

The appellee filed an application for unemployment benefits under R.C. 4141.28. The bureau denied his application on the basis that Matlack had discharged him for just cause in connection with his work. See R.C. 4141.29(D)(2)(a). The appellee appealed to the Unemployment Compensation Review Commission ("commission"), which affirmed the denial of benefits following an evidentiary hearing. The appellee then filed an appeal with the Lawrence County Court of Common Pleas. See R.C. 4141.28(O)(1). The common pleas court reversed the commission's decision and determined that the appellee was entitled to unemployment benefits. The court found that Matlack discharged the appellee without complying with Articles 11 and 14 of the collective bargaining agreement. It ordered the commission to conduct further proceedings and "render a decision that complies with the findings of this Court." The bureau then commenced this appeal.

## II

The bureau contends that the lower court erroneously reversed the commission's determination that the appellee was ineligible for unemployment benefits. R.C. 4141.29(D)(2)(a) provides that an individual may not obtain benefits if he "has been discharged for just cause in connection with his work * * *." Because the record supports the commission's view that Matlack discharged the appellee "for just cause in connection with his work," the bureau argues that the commission's decision should stand.

▮ Under R.C. 4141.28(O), any "interested party" may appeal to the common pleas court from a commission decision concerning the award or denial

of unemployment benefits.[1] The common pleas court may reverse the commission only if it finds the decision to be "unlawful, unreasonable or against the manifest weight of the evidence." R.C. 4141.28(O)(1). R.C. 4141.28(O) also allows for an appeal from the common pleas court to the court of appeals. Our standard of review is identical to that of the common pleas court: we will uphold the commission's decision unless it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus (*"Tzangas"*).[2] This standard of review is inherently limited. Neither the common pleas court nor the court of appeals is permitted to make factual findings or determine the credibility of witnesses. See *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 14–15, 482 N.E.2d 587, 589. Further, neither court may reverse the Commission's determination if reasonable minds could reach different conclusions based on the evidence. *Id.* at 18, 19 OBR at 15–16, 482 N.E.2d at 590.

In denying benefits to the appellee, the commission decided that Matlack terminated him for "just cause in connection with his work" within the meaning of R.C. 4141.29(D)(2)(a). The Ohio Supreme Court has recognized that "[t]here is, of course, not a slide-rule definition of just cause." *Irvine, supra,* 19 Ohio St.3d at 17, 19 OBR at 14, 482 N.E.2d at 589. However, the court explained that just cause, in the statutory sense, " 'is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' " *Id.,* quoting *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 9, 335 N.E.2d 751, 752. Furthermore, an analysis of just cause must also consider the policy behind the Unemployment Compensation Act, which " 'was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own.' " *Id.,* quoting *Salzl v. Gibson Greeting Cards* (1980), 61 Ohio St.2d 35, 39, 15 O.O.3d 49, 51–52, 399 N.E.2d 76, 79; see, also, *Leach v. Republic Steel Corp.* (1964), 176 Ohio St. 221, 223, 27 O.O.2d 122, 123, 199 N.E.2d 3, 5–6. Accordingly, "fault" on an employee's part is an essential component of just-cause termination. *Tzangas, supra,* at paragraph two of the syllabus. The determina-

---

1. An "interested party" is defined as "the administrator and any party to whom notice of a determination of an application for benefit rights or a claim for benefits is required to be given under [R.C. 4141.28]."

2. We reject the appellee's contention that our review is limited to assessing whether the common pleas court "abused its discretion" in reversing the commission's decision. In *Tzangas,* the Ohio Supreme Court definitively decided that a court of appeals' standard of review is *identical* to that of a common pleas court when reviewing the commission's action concerning unemployment benefits. See *Tzangas,* 73 Ohio St.3d at 696–697, 653 N.E.2d at 1210 and paragraph one of the syllabus.

tion of just cause depends upon the "unique factual considerations" of a particular case and is therefore primarily an issue for the trier of fact (*i.e.,* the bureau and the commission). *Irvine* at 17, 19 OBR at 14–15, 482 N.E.2d at 589–590; see, also, *Myers v. Ohio Bur. of Emp. Serv.* (Nov. 23, 1987), Ross App. No. 1366, unreported, 1987 WL 20389.

Matlack's sole reason for firing the appellee was the appellee's positive result on the random drug test. The commission determined that the appellee's positive drug test constituted just cause in connection with his work because it disqualified the appellee from a significant part of his duties, *i.e.,* driving commercial trucks. See Sections 382.215, 382.501, and 382.503, Title 49, C.F.R. Although the appellee disputed the result of the random drug test, the commission found nothing to substantiate his claims of inaccuracy. The commission found no evidence to show that the testing facility, which was approved by federal regulators, was unreliable or responsible for any erroneous or "false positive" tests. The commission also found evidence that the appellee had in fact used marijuana prior to the drug test. The commission's decision cited hearing testimony in which the appellee's supervisor recalled the appellee saying that he had "screwed up" and "made a mistake" at his birthday party. The commission also found that the appellee withdrew his request for an additional drug test when he discovered that any re-testing would be done on a split sample of the same urine specimen. The appellee's proposal to have a second test using a new specimen was not authorized by Matlack's policy or the federal regulations governing random drug testing of commercial drivers. See Sections 40.33(e) and (f), Title 49, C.F.R. (setting forth proper methods for re-testing).

The common pleas court concurred in virtually all of the commission's factual findings. Nevertheless, the court reversed the commission's ultimate determination and decided that the appellee was entitled to unemployment benefits. The court based its reversal on two provisions of the collective bargaining agreement. It interpreted Article 11 of the collective bargaining agreement as allowing Matlack to discharge an employee for drug use only if it occurs while an employee is on duty or on company property.[3] Because the appellee tested positive while on leave, the court concluded that his discharge was contrary to this provision. The court also invoked Article 14 of the collective bargaining agreement as an additional basis for invalidating the commission's decision. Under this article, the court maintained that the appellee was entitled to a second

---

3. Article 11 of the collective bargaining agreement states: "[N]o warning need be given to an employee before he is discharged * * * if the cause of such discharge * * * is dishonesty or drunkenness, which may be verified by a sobriety test * * *; or taking, being under the influence of, addiction to, or possession of while on duty, LSD, marijuana, or heroin, or the possession of controlled substances and/or drugs, either while on duty or on company property * * *."

drug test, at his expense. The court concluded that Matlack "denied" the appellee his rights under Article 14 by refusing to allow a second urine sample to be tested.[4] Based on its interpretation of these provisions, the court found that Matlack did not comply with the collective bargaining agreement when it terminated the appellee's employment. The court therefore reversed the commission's decision.

 We believe that the common pleas court incorrectly relied upon its interpretation of the collective bargaining agreement as a basis for reversal. The aim of a "just cause" determination under R.C. 4141.29(D)(2)(a) is to assess an individual's fault for his discharge. *Tzangas*, 73 Ohio St.3d at 697–698, 653 N.E.2d at 1210–1212. In reaching a decision concerning "just cause," the commission is not *bound* by terms of a collective bargaining agreement or labor contract. *Rhodes v. Unemp. Comp. Bd. of Review* (Jan. 25, 2000), Columbiana App. No. 98–CO–49, unreported, 2000 WL 126669; *Quarto Mining Co. v. Adams* (Dec. 21, 1998), Monroe App. No. 777, unreported, 1998 WL 896430. "Just cause" in the statutory sense is an analytically distinct concept from an assessment of whether an employer's action was justified under an applicable collective bargaining agreement or labor/employment contract. See *Morris v. Ohio Bur. of Emp. Serv.* (1993), 90 Ohio App.3d 295, 300, 629 N.E.2d 35, 38; *Pucek v. Ohio Bur. of Emp. Serv.* (June 29, 1995), Cuyahoga App. No. 67891, unreported, 1995 WL 386937. The former is a narrow inquiry into employee fault; the latter is focused on whether a contract has been breached. *Dean v. Miami Valley Hosp., Inc.* (Feb. 22, 1988), Montgomery App. No. 10391, unreported, 1988 WL 25874; see, also, *Adams v. Harding Machine Co.* (1989), 56 Ohio App.3d 150, 155–157, 565 N.E.2d 858, 862–864. Thus, an employee terminated for "just cause" according to a labor contract could theoretically secure unemployment benefits; the " 'just cause' sufficient to justify discharge of an employee need not be as grave as the 'just cause' required to disqualify a discharged employee from receiving unemployment compensation under R.C. 4141.29." *Dean, supra*; cf. *Youghiogheny & Ohio Coal Co. v. Oszust* (1986), 23 Ohio St.3d 39, 23 OBR 57, 491 N.E.2d 298 (arbitrator's determination that discharge was for "just cause" under collective bargaining agreement does not preclude a finding that employee was not discharged for "just cause in connection with his work" within meaning of R.C. 4141.29[D][2][a]).

---

4. Section 14.1, Article 14 of the collective bargaining agreement states: "Physical, mental or other examinations required by a governmental body or the Employer shall be promptly complied with by all such employees, provided, however, the Employer shall pay for all such examinations. * * *

"The Employer reserves the right to select its own medical examiner or physical, and the employee may, if he believes an injustice has been done him, be re-examined at his own expense and by the physician of his choice."

■ Similarly, we believe that the commission could validly find that an employee was discharged for "just cause" (and therefore ineligible for unemployment compensation) despite the fact that the discharge did not comport with the terms of a collective bargaining agreement. The commission's function is to " 'determine whether benefits should be granted [under R.C. 4141.29], not whether a contract has been breached.' " *Adams,* 56 Ohio App.3d at 157, 565 N.E.2d at 864, quoting *Dean, supra.* Although the employee could ultimately prevail on a wrongful discharge claim or be reinstated under a grievance procedure, that fact does not mean that unemployment benefits are warranted under R.C. 4141.29. See *Seitz v. Ohio Bur. of Emp. Serv.* (Apr. 11, 1985), Cuyahoga App. No. 48567, unreported, 1985 WL 7953. Accordingly, we conclude that the lower court erred in relying solely upon its interpretation of the collective bargaining agreement as a basis for reversing the commission's decision.[5]

Apart from the lower court's reliance on the collective bargaining agreement, there exists no reason to reverse the commission's denial of unemployment benefits to the appellee. The appellee failed a random drug test that was administered in accordance with company policy and federal regulations. The positive test disqualified the appellee from performing essential tasks related to his employment as a truck mechanic. The commission could therefore reasonably conclude that Matlack discharged the appellee for just cause in connection with his work within the meaning of R.C. 4141.29(D)(2)(a). See *Shields v. Anderson Concrete Corp.* (June 22, 1993), Franklin App. No. 93AP–364, unreported, 1993 WL 238914 (truck driver's positive drug test rendered him "medically unqualified" to drive and therefore constituted just cause for dismissal). Further, we find nothing unreasonable or unlawful about the commission's apparent belief that the appellee failed the drug test because he had used marijuana and not because of any irregularity in the testing. Despite the appellee's denials of marijuana use, the commission heard evidence that the appellee admitted to having "screwed up" and "made a mistake" at a birthday party just a week before his failed drug test. As the trier of fact, the commission was in the best position to assess the evidence and testimony presented. On the record before us, we cannot say that the commission's finding of "just cause" was unreasonable, unlawful, or against the manifest weight of the evidence. We recognize that Matlack's action was arguably harsh in light of the appellee's twenty-seven years of drug-free service with the company. We would have preferred to see the

---

5. We express no opinion regarding whether the common pleas court correctly interpreted Articles 11 and 14 of the collective bargaining agreement. Likewise, we do not find that the terms of a collective bargaining agreement are totally irrelevant to the commission's analysis. We decide only that the employer's purported breach of a collective bargaining agreement does not automatically entitle a claimant to unemployment benefits.

appellee suffer a lesser sanction or be given a "second chance." Be that as it may, it does not follow that the appellee is entitled to unemployment benefits. See *Pugh v. Ohio Bur. of Emp. Serv.* (Oct. 30, 1990), Washington App. No. 89CA34, unreported, 1990 WL 178123 (arbitrator's determination that discharge was "too severe" a sanction against employee does not affect decision concerning unemployment compensation).

The appellant's assignment of error is sustained. We reverse the judgment of the common pleas court and reinstate the commission's decision denying unemployment benefits to the appellee.

*Judgment reversed.*

PETER B. ABELE, J., concurs.

KLINE, P.J., concurs in judgment only.