This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Claimant-Appellant, Glen Connolly (hereinafter "Connolly"), appeals the trial court's decision affirming the decision of the Ohio Unemployment Compensation Review Commission (hereinafter "Commission") finding Connolly was discharged for just cause because he tested positive for cannabinoids. For the following reasons, we conclude the trial court's decision is not unlawful, unreasonable, or against the manifest weight of the evidence and affirm that decision.
Connolly was hired by Smithway Motor Xpress (hereinafter "Smithway") as an over-the-road truck driver on June 15, 1999. Before he was hired, he was drug tested and that test came back negative. In order to comport with the United States Department of Transportation (hereinafter "USDOT") guidelines for over-the-road truck drivers, Smithway informed Connolly he would be subject to random drug testing. Connolly acknowledged he knew of this requirement.
On May 5, 2000, Connolly was randomly selected for drug testing and he submitted a urine sample to an approved testing facility. The specimen was sent to Ira Jane Hurst Associates in Lafeyette, Louisiana for laboratory analysis. Using a gas chomatography/mass spectrometry analysis, the lab indicated the sample tested positive for cannabinoids. This result was confirmed using the same method of analysis.
Connolly began taking the drug Sustiva approximately one week prior to the drug test. That drug has been known to give false positives for cannabinoids in drug screening tests. However, there is evidence that this drug never gives false positives in gas chomatography/mass spectrometry testing. Connolly had not told his employer he was taking this drug. He was not given the opportunity to note this medication on his testing form at the time he submitted his sample for drug testing.
On May 9, 2000, the lab notified Smithway of the positive result and Smithway terminated Connolly's employment. In its termination letter, Smithway was required to suggest a treatment facility. Connolly had a drug test taken at that facility approximately one month later. That drug test provided a negative result.
Connolly filed an application for unemployment compensation benefits with the Commission on May 10, 2000, claiming he was not fired for just cause. On June 2, 2000, the initial determination found Connolly was discharged without just cause. However, Smithway appealed this determination. After a hearing, the hearing officer found Connolly was discharged with just cause and reversed the initial determination. Connolly requested an administrative review and that request was denied on September 14, 2000. On October 3, 2000, Connolly appealed that decision to the Mahoning County Court of Common Pleas. After briefs were submitted, on March 20, 2001, the trial court affirmed the Commission's decision, finding the decision was not unreasonable, unlawful, or against the manifest weight of the evidence.
Connolly's sole assignment of error argues:
 "The Common Pleas (sic) erred in affirming the Unemployment Compensation Review Commission's decision that Appellant was discharged for just cause in connection with work because the Unemployment Review Commission's decision is unlawful, unreasonable, and against the manifest weight of the evidence."
Connolly makes two arguments supporting his assertion that the trial court's decision was erroneous: 1) the decision is against the manifest weight of the evidence because there is no evidence showing the drug testing complied with U.S. Department of Transportation regulations and, 2) the Commission's decision violates the Americans with Disabilities Act (hereinafter "ADA"). The Commission argues Connolly did not qualify for protection under the ADA and that any determination as to the weight given to the drug test results rests with the Commission as factfinder. The claimant bears the burden of proving his entitlement to unemployment compensation benefits. Irvine v. Unemp. Comp. Bd. of Review (1985),19 Ohio St.3d 15, 17, 19 OBR 12, 14, 482 N.E.2d 587, 589.
Pursuant to R.C. 4141.28(N), a trial court may review the Commission's decision concerning the award or denial of unemployment benefits. The trial court may reverse the commission only when it finds the decision to be "unlawful, unreasonable or against the manifest weight of the evidence." R.C. 4141.28(N)(1).
The trial court's determination may, in turn, be appealed to this court. Our standard of review is the same as that of the trial court and the Commission's decision may only be reversed when it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694,653 N.E.2d 1207, paragraph one of the syllabus. "This standard of review is inherently limited. Neither the common pleas court nor the court of appeals is permitted to make factual findings or determine the credibility of witnesses." Wilson v. Matlack, Inc. (2000), 141 Ohio App.3d 95, 99,750 N.E.2d 170, 173 citing Irvine at 17, 19 OBR at 14-15,482 N.E.2d at 589. "[W]hile appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record." Tzangas at 696, 653 N.E.2d at 1210. If, based on the evidence, reasonable minds could differ, this court must uphold the Commission's decision. Irvine at 18, 19 OBR at 15-16, 482 N.E.2d at 590.
Connolly was discharged for testing positive for cannabinoids, i.e. marijuana. He knew Smithway had a policy of firing its over-the-road truck drivers who tested positive for this substance in accordance with USDOT regulations. A positive drug test in these circumstances is just cause for termination. See Rhodes v. Unemployment Compensation Bd. ofReview (Jan. 25, 2000), Columbiana App. No. 98-CO-49, unreported;Wilson, supra. Thus, Connolly argued to the Commission that the result was a false positive.
On appeal to both the trial court and this court, Connolly does not repeat this argument. Rather, he argues the positive drug test result cannot be admitted into evidence because the manifest weight of the evidence shows the testing facility did not comply with the USDOT regulations governing drug testing. Therefore, he argues that even though the employer testified, "[W]hoever did test it, tested the specimen, tested it under the Department of Transportation's guidelines," the employer was unable to prove that compliance. As evidence of this, Connolly illustrates that there is no chain of custody form, that the employer did not know the testing procedures, and that Connolly was not forced to do things the federal regulations ask for, such as washing his hands before he gave the sample.
As stated above, it is the Commission's responsibility to determine the credibility of the witnesses. We may not re-weigh that evidence. SeeTzangas, supra. Likewise, any breaks in the chain of custody go to the weight of the evidence, not its admissibility. Nwabara v. Willacy
(1999), 135 Ohio App.3d 120, 134, 733 N.E.2d 267, 276. Connolly is asking us to do exactly what we cannot do, examine the credibility of the witnesses and re-weigh the evidence. As unfortunate as it may seem to Connolly, the Commission chose to believe the employer's testimony that the testing facility followed the USDOT guidelines. Therefore, it had no reason to question the reliability of the test results. Accordingly, the commission found the medication Connolly took could not have produced a false positive since the testing facility used a gas chomatography/mass spectrometry analysis, and found Connolly's discharge to be with just cause. For these reasons, the Commission's decision was not against the manifest weight of the evidence.
Connolly bases his ADA argument on the hearing officer's statement in his decision that:
 "Claimant's evidence is not conclusive or credible on the point of not being able to state what medicine he was taking prior to the sample being collected, making certain Smithway Motor Xpress received this information and not letting the company know he even taking [sic] such a medicine." Hearing Officer's Decision at 3.
He argues "the Review Commission's decision is unlawful because it faults the claimant for not providing the employer with a list of medications he was taking." Connolly goes on to cite various federal cases for the proposition that an employer forcing an employee to disclose their prescription drugs violates the ADA. This line of cases is largely irrelevant. The Commission did not base its decision on the fact that Connolly was taking a medication and did not disclose that medication to Smithway. Rather, the hearing officer found that evidence inconclusive,i.e. it did not prove anything relevant to whether he was discharged with just cause.
Indeed, the Commission's finding that this evidence is inconclusive is not unreasonable, unlawful, or against the manifest weight of the evidence. The medication Connolly was taking may cause false positives if a urine sample is tested in a certain way. However, the evidence shows, and the Commission found, this sample was tested in a manner that would not be affected by that medication. Because of this finding of fact, the remaining testimony surrounding the medication, including Smithway's knowledge of the medication, is irrelevant. Therefore, the Commission's decision could not have been unlawful for violating the ADA.
For the foregoing reasons, Connolly's sole assignment of error is meritless. The Commission's decision was not unreasonable, unlawful, or against the manifest weight of the evidence. The trial court's decision is affirmed.
Donofrio, J., and Waite, J., concurs.