Because I cannot conclude the order of the Unemployment Compensation Review Commission is unreasonable, unlawful or against the manifest weight of the evidence, I respectfully dissent from the majority opinion affirming the judgment of the common pleas court that reversed the commission's order.
The majority concludes, as did the common pleas court, that because the city and Clark agreed to the amount of work Clark would produce, his failure to comply was not only grounds for terminating his employment but also for finding just cause for his termination. Cf., e.g., Morris v.Ohio Bur. of Emp. Serv. (1993), 90 Ohio App.3d 295 (noting "there is a distinct difference between a wrongful discharge and `just cause for discharge' pursuant to R.C. 4141.27"); Adams v. Harding Machine Co.,Inc. (1989), 56 Ohio App.3d 150 (drawing a distinction between the grounds necessary to discharge an employee and the just cause determination for unemployment benefits). Although the evidence may be susceptible to such an interpretation, it is not the only interpretation that reasonably may be applied to the facts presented to the commission.
Rather, despite the schedule between the city and Clark regarding his productivity, and their "agreement" that it was reasonable, the evidence before the commission supports the commission's conclusion that it was not. Initially, the commission found the explanations for Clark's failure to abide by the productivity schedule to be reasonable: he had additional duties. Even apart from his other duties, the evidence of record supports the commission's implicit finding that the level of Clark's work productivity was not "fault" giving rise to just cause to terminate him and preclude unemployment benefits. Specifically, the commission found that, had Clark produced work at the rate set forth in the schedule, he would have run out of work. The fact that he did not run out of work does not render the commission's reasoning faulty: with that evidence the commission could conclude the schedule was not reasonable, and that terminating Clark for failure to abide by an unreasonable schedule was not termination for just cause under the relevant statutes.
As further support, the evidence demonstrated that Clark was at least as productive as the other two departments with the city who reviewed matters for contractors waiting to begin projects. While I recognize that the work done in the other departments differed from that which Clark performed, and may have taken longer than the tasks Clark was assigned, the net result is that Clark's failure to abide by the productivity schedule did not harm the city's output: the contractors could not receive the necessary approval until the other departments had performed their reviews. The commission reasonably could interpret the evidence to reach such a conclusion and, in doing so, it could find on the evidence produced that Clark's failure to comply with the productivity schedule was neither "fault" nor "just cause" under the statutes governing unemployment benefits: his productivity did not adversely affect the interests of the city. See Kiikka v. Admr., Ohio Bur. of Emp. Serv.
(1985), 21 Ohio App.3d 168 (noting that "just cause" means not that the employee's conduct violated a technical company rule, but that it demonstrates an unreasonable disregard for the employer's best interests).
In the final analysis, I conclude the common pleas court substituted its judgment for that of the commission in determining that Clark's conduct rose to the level of "just cause." Although the evidence may have allowed the commission to reach that conclusion, the evidence allows the interpretation the commission ascribed to it. Because that conclusion is reasonable, supported by the evidence, and lawful, I would reverse the judgment of the common pleas court and reinstate the commission's determination that Clark is entitled to unemployment benefits.