OPINION *Page 2 
{¶ 1} Plaintiff-appellant Peter A. Scharver appeals the judgment entry of the Stark County Court of Common Pleas which affirmed the Ohio Unemployment Compensation Review Commission's denial of unemployment benefits to appellant, finding the denial was not unlawful, unreasonable, or against the manifest weight of the evidence.
 STATEMENT OF FACTS AND LAW {¶ 2} Appellant was employed by Republic Engineered Products LLC as an electrical equipment maintenance technician from January 16, 1978, through December 10, 2003. Appellant had been convicted of possession of narcotics by the Stark County Court of Common Pleas, and placed on probation for the offense. One of the conditions of appellant's probation was that he abstain from the use of alcohol. Appellant violated the terms of his probation by using alcohol. On December 11, 2003, appellant was detained at the Stark County Jail, and on December 22, 2003, appellant's probation was revoked by the Stark County Court of Common Pleas. Following the revocation of his probation, appellant was sentenced to serve eleven (11) months at the North Coast Correctional Treatment Facility. Because appellant was sentenced to prison, he was unable to report for work. Accordingly, his employer discharged him for unauthorized absences from work.
 {¶ 3} On November 8, 2004, following his release from prison, appellant applied for unemployment benefits. On November 29, 2004, the Director of the Ohio Department of Job and Family Services issued a *Page 3 
determination disallowing appellant's claim because appellant had been discharged for just cause in connection with his unauthorized absences from work. On December 29, 2004, appellant appealed the Director's determination, and on April 14, 2005, the Director issued a re-determination which affirmed the initial determination.
 {¶ 4} On May 4, 2005, appellant filed a timely appeal of the Director's re-determination to the Director, who transferred jurisdiction of the matter to the Ohio Unemployment Compensation Review Commission on August 10, 2005. On October 13, 2005, the Review Commission hearing officer found that appellant became unemployed due to his commitment to a correctional institution, which was a disqualifying separation. Accordingly, the Review Commission disallowed appellant's application for unemployment benefits. On November 17, 2005, the Review Commission disallowed appellant's request for further appeal.
 {¶ 5} Appellant then appealed the Review Commission's decision to the Stark County Court of Common Pleas. On April 28, 2006, the trial court affirmed the Review Commissions' decision, finding that the Review Commission's determination was not unlawful, unreasonable, or against the manifest weight of the evidence. Appellant now appeals to this Court, setting forth one assignment of error.
 {¶ 6} "THE UNEMPLOYMENT COMPENSATION BOARD OF REVIEW'S DETERMINATION WAS UNLAWFUL, UNREASONABLE OR AGAINST THE MANIFEST WEIGHT OF EVIDENCE FOR THE REASON THAT *Page 4 
THE PLAINTIFF-APPELLANT WAS NOT IN A CORRECTIONAL INSTITUTION WHEN HE MADE HIS APPLICATION FOR UNEMPLOYMENT COMPENSATION AND MADE HIS REQUEST FOR REINSTATEMENT."
 {¶ 7} Appellant argues that he was entitled to unemployment benefits because he was not in a correctional facility at the time he submitted his application for said benefits and his request for reinstatement. We disagree.
 {¶ 8} An appellate court's standard of review in unemployment compensation cases is limited. An appellate court may reverse a board decision only if the decision is unlawful, unreasonable or against the manifest weight of the evidence. See, Tzangas, Plakas Mannos v.Administrator, Ohio Bureau of Employment Services, 73 Ohio St.3d 694,696, 1995-Ohio-206, 653 N.E.2d 1207, citing Irvine v. Unemp. Comp. Bd.Of Review (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587. An appellate court may not make factual findings or determine the credibility of the witnesses, but rather, is required to make a determination as to whether the board's decision is supported by evidence on the record. Id.
 {¶ 9} R.C. 4141.29 establishes eligibility and qualification for unemployment benefits, and states in pertinent part: "(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions: . . .
 {¶ 10} "(2) For the duration of the individual's unemployment if the director finds that: *Page 5 
 {¶ 11} "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work, . . .
 {¶ 12} "(d) The individual became unemployed by reason of commitment to any correctional institution . . ."
 {¶ 13} In the case sub judice, the Director found that appellant had been discharged for just cause due to his unauthorized absences from work, and the Unemployment Compensation Review Commission hearing officer affirmed the Director's decision, but modified the decision by stating that the discharge was proper due to the fact that appellant's separation from employment was a result of his incarceration.
 {¶ 14} Appellant argues because the Director's denial of appellant's unemployment benefits due to discharge with just cause was based upon R.C. 4141.29(D)(2)(a), and the hearing officer's affirmation of the denial of benefits due to appellant's incarceration was based upon R.C.4141.29(D)(2)(d), that the denial of benefits was unlawful, unreasonable and against the manifest weight of the evidence. We are not persuaded by appellant's argument. Appellant was discharged for unauthorized absences from work by reason of his commitment to a correctional facility. The fact that two sections of the Revised Code apply to this particular set of circumstances does not change the fact that appellant, through his own fault, was unable to attend work.
 {¶ 15} The Unemployment Compensation Act was designed to assist employees who, through no fault of their own, find themselves unemployed. As set forth by The Ohio Supreme Court in Tzangas, supra, "the Act does not exist *Page 6 
to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. . . ."Tzangas, supra, at 697-698. In the case sub judice, appellant voluntarily engaged in conduct which he knew was in violation of his probation. As a direct result of this voluntarily act, appellant was incarcerated. Thus, appellant alone was at fault for his state of unemployment.
 {¶ 16} In addition, appellant argues the fact that he was not incarcerated at the time he applied for unemployment benefits somehow renders R.C. 4141.29(D)(2)(d) inapplicable. This argument is also unpersuasive. As correctly pointed out by appellee, the appropriate inquiry herein is not whether appellant was incarcerated at the time he applied for unemployment benefits, but rather, whether appellant's employer had just cause to discharge him due to his unauthorized absences from work as a result of his incarceration.
 {¶ 17} Finally, appellant argues that his employer failed to comply with provisions of the collective bargaining agreement, and his discharge was therefore invalid. However, the case sub judice is not a wrongful discharge case, but rather, comes to us in its limited capacity as an unemployment benefits case. See, Morris v. Ohio Bureau ofEmployment Services (1993), 90 Ohio App.3d 295, 300, 629 N.E.2d 35, ("there is a distinct difference between a wrongful discharge and `just cause for discharge,' pursuant to R.C. 4141.29"). Therefore, this argument, too, must fail. *Page 7 
 {¶ 18} The denial of unemployment benefits to appellant was not unlawful, unreasonable, or against the manifest weight of the evidence, and was supported by the record. Therefore, appellant's sole assignment of error is overruled, and the decision of the trial court is affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1