[Cite as *Jones v. Ohio Dept. of Job & Family Servs.*, 2026-Ohio-1583.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| BRANDON MICHAEL JONES | : | |
| | : | C.A. No. 30662 |
| Appellant | : | |
| | : | Trial Court Case No. 2024 CV 05524 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| DIRECTOR OF OHIO DEPARTMENT | : | Court) |
| OF JOB AND FAMILY SERV ET AL. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellees | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 1, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

OPINION

BRANDON MICHAEL JONES, Appellant, Pro Se
DOUGLAS R. UNVER, Attorney for Appellee

HUFFMAN, J.

{¶ 1} In this administrative appeal, Brandon Michael Jones appeals pro se from the decision of the trial court affirming the decision of the Unemployment Compensation Review Commission ("UCRC") finding that Jones was terminated for just cause because he had been incarcerated. For the following reasons, the judgment of the trial court is affirmed.

**Procedural History**

{¶ 2} The administrative transcript reflects the following facts. Jones was employed by Manpower U.S., Inc. ("Manpower"), from October 13, 2022, through December 12, 2022. He was on an assignment with Proctor and Gamble, which ended because he was incarcerated on December 12, 2022, and he remained so until February 2023. On February 27, 2023, Jones filed an application for determination of benefit rights with the Ohio Department of Job and Family Services, which was disallowed.

{¶ 3} On July 17, 2024, the Director, Ohio Department of Job and Family Services ("Director"), issued a redetermination disallowing the application based upon a finding that Jones was discharged for just cause, pursuant to R.C. 4141.29(D)(2)(a), for being absent or tardy. On August 6, 2024, Jones appealed the redetermination. The following day, the Ohio Department of Jobs and Family Services transferred jurisdiction to the UCRC.

{¶ 4} On August 27, 2024, a telephone hearing was conducted by a UCRC hearing officer. Manpower did not appear. Jones stated that his assignment ended because he was incarcerated for more than 30 days and that he reported his situation to a supervisor at

2

Manpower, in accordance with Manpower policy. The supervisor advised Jones to "ask for work release." Jones stated he could not "get work relief." After Jones was released from jail, according to him, he was advised by Manpower that he could no longer work at Proctor and Gamble under the policy of that company, but he remained "in good standing" with Manpower, was offered another position—which he did not accept—and was never discharged. The hearing officer affirmed the Director's redetermination, finding that Jones was separated from his employment with Manpower for just cause, his incarceration, as provided under R.C. 4141.29(D)(2)(d).

{¶ 5} Jones sought review by the UCRC. On October 2, 2024, a decision was mailed that stated, "The Commission concludes that the Hearing Officer's decision should be affirmed."

{¶ 6} On October 24, 2024, Jones filed a notice of administrative appeal with multiple attachments in the trial court. On September 17, 2025, Jones filed a brief, and the UCRC did so on September 24, 2025. The trial court's decision that is the subject of this appeal was issued on October 3, 2025. It stated, in part, "The UCRC hearing officer found that Mr. Jones was terminated for just cause because he was incarcerated, by his own admission. That finding has been affirmed throughout the administrative process, and was not unreasonable, unlawful, or against the manifest weight of the evidence. Rather, it is consistent with the language and purpose of the statutes." Jones filed a timely notice of appeal.

**Assignment of Error and Analysis**

{¶ 7} In his pro se brief, Jones's sole assignment of error asserts that the trial court violated multiple Civil Rules, namely Civ.R. 6, 7, 8, 12, 16, 26, 32, and 34. Jones quotes each rule in turn, without mention of their applicability to an administrative appeal or to the

3

just cause determination. He asks us to reverse the decision of the trial court or remand the matter for further proceedings. The Director responds that Jones was not entitled to unemployment compensation, and the determination that he was terminated for just cause is supported by the record and is not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶ 8} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Yocum v. Means*, 2002-Ohio-3803, ¶ 20 (2d Dist.), citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363 (8th Dist. 1996). "[A] pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" *Id.*, *quoting Kilroy* at 363.

{¶ 9} R.C. 4141.282(H) states that the common pleas court "shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."

{¶ 10} "The Ohio Supreme Court recognizes that there is no distinction between the scope of review of common pleas and appellate courts under the unemployment compensation statute." *Broaddus v. Ohio Dept. of Jobs and Family Servs.*, 2024-Ohio-1205, ¶ 13 (9th Dist.), citing *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696-697 (1995), and *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985). Accordingly, "this Court 'may only reverse an unemployment compensation eligibility decision by the Review Commission if the decision is unlawful, unreasonable, or against the manifest weight of the evidence.'" *Id.*, quoting *Moore v. Comparison Market, Inc.*, 2006-Ohio-6382, ¶ 7 (9th Dist.), citing *Tzangas* at 696. *Moore* noted that "'it is important to keep in mind

4

the limitation on an appellate court's assessment of a Review Commission decision, which precludes the court from making factual findings or weighing the credibility of witnesses.'" *Id.*, quoting *Moore* at ¶ 7, citing *Tzangas* at 696.

{¶ 11} "Pursuant to R.C. 2505.03(B), the *appellate rules* govern administrative appeals taken to the common pleas court, *not* the civil rules." *VFW Post 1238 v. Liquor Control Comm.*, 1997 WL 614938, *1, fn.1 (6th Dist. Sept. 22, 1997). R.C. 2505.03 states, in part:

> Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the Rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court.

{¶ 12} Accordingly, violations of the civil rules are not properly raised in appeals under R.C. 4141.282(H), because the appellate rules govern such proceedings, review is limited to the certified record, and the statutory standard focuses on whether UCRC's decision was unlawful, unreasonable, or against the manifest weight of the evidence rather than the procedural requirements of the Civil Rules. Jones' arguments that the trial court violated the inapplicable Civil Rules lack merit.

{¶ 13} Further, "[u]nemployment benefits may not be paid to a person who has been discharged for just cause." *Gregg v. SBC Ameritech*, 2004-Ohio-1061, ¶ 18 (10th Dist.),

5

citing R.C. 4141.29(D)(2)(a). "'Just cause' is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Whether just cause exists depends on the unique factual circumstances of each case." *Id*., citing *Irvine*, 19 Ohio St.3d at 17. R.C. 4141.29(D)(2)(a) disqualifies an individual from benefits if the individual "has been discharged for just cause in connection with the individual's work," and R.C. 4141.29(D)(2)(d) provides a categorical disqualification when the individual has become "unemployed by reason of commitment to any correctional institution." "The fact that two sections of the Revised Code apply to this particular set of circumstances does not change the fact that appellant, through his own fault, was unable to attend work." *Scharver v. Ohio Dept. of Job & Family Servs. Office of Unemp. Comp.*, 2007-Ohio-3633, ¶ 14 (5th Dist.).

{¶ 14} As the trial court noted, Jones admitted, and it was found throughout the entire administrative proceedings, that his employment was terminated after he was incarcerated. As the Director asserts, under our restrictive standard of review, the decision of the trial court is not unlawful, unreasonable, or against the manifest weight of the evidence. Jones's assignment of error is overruled.

### Conclusion

{¶ 15} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.