Chandler, Appellant, *v.*
Administrator, Ohio Bureau of
Employment Services et al.,
Appellees.

(No. 83AP-87—Decided November 17, 1983.)

*Mr. Richard B. Igo,* for appellant.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Michael A. Moses* and *Mr. Michael J. Johrendt,* for appellees.

Cook, J. Appellant, Elmer Chandler, was employed as a mechanic by Pederson Insulation Company, an appellee herein. On September 22, 1981, he was convicted in the Mount Vernon Municipal Court of driving a motor vehicle while under the influence of alcohol and given a choice of a jail term or going to an alcohol rehabilitation center in Mansfield, Ohio, for treatment for three weeks. He chose the latter. He claims he attempted to notify his employer of his anticipated absence but did not contact anyone until early in the morning of September 23, 1981, the first day of his treatment, when he contacted his foreman. He was discharged for failure to report to work when serving his time at the rehabilitation center.

Appellant filed an application for unemployment compensation, which was denied. He requested reconsideration, and the earlier denial was affirmed. He then appealed to the Unemployment Compensation Board of Review. A hearing was held before a referee who found that, during the time appellant was at the rehabilitation center, he was not on authorized leave of absence and, therefore, was discharged for just cause. The Board of Review subsequently denied appellant's application to institute further appeal. Appellant appealed to the Franklin County Court of Common Pleas, which affirmed the board's decision.

Appellant has appealed the judgment of the court of common pleas, and has filed the following assignment of error:

"The Common Pleas Court erred in finding that the decision of the Board of Review, Ohio Bureau of Employment Services, was supported by substantial evidence and was not unlawful, unreasonable or against the manifest weight of the evidence, which decision held that claimant-appellant was discharged for just cause in connection with his work."

The assigned error is without merit. R.C. 4141.29 provides, in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He * * * has been discharged for just cause in connection with his work * * *."

The sole issue presented for review is whether appellant was discharged by his employer for just cause.

In *Sellers* v. *Bd. of Review* (1981), 1 Ohio App. 3d 161, this court held at page 164:

"* * * In order to have just cause for discharge, pursuant to R.C. 4141.29, there must be some fault on the part of the employee involved, in the absence of an overwhelming contractual provision. Such fault does not require misconduct; but, nonetheless, fault must be a factor in the justification for discharge."

In the instant cause, appellant was absent from his work as a result of his conviction for driving while under the influence of alcohol. He was given a choice by the court which convicted him of either going to jail or to the alcohol rehabilitation center in Mansfield for treatment for three weeks. He chose the latter. Appellant argues that alcoholism is a sickness and was treated as such by the alcohol rehabilitation center and, therefore, his absence was not due to his fault, being due to circumstances beyond his control.

While alcoholism is generally recognized as a sickness, it is difficult for this court to conclude that driving while under the influence of alcohol is not the fault of the driver. If it were not so, the General Assembly would not have made driving while under the influence of alcohol a crime punishable by incarceration. Appellant's absence from work was the result of his conviction of said crime, not the result of a sickness requiring his hospitalization. Said absence was not authorized by his employer.

We conclude that unauthorized absenteeism of an employee from his work due to his conviction of a crime, and the resulting sentence therefor, constitutes "just cause," within the meaning of R.C. 4141.29(D)(2)(a), for his discharge.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.