MAYES, APPELLANT, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES.

(No. 86AP-509 — Decided October 30, 1986.)

*Robert G. Byrom,* and *Ohio Association of Public School Employees,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick A. Devine,* for appellee Ohio Bureau of Employment Services.

*Means, Bichimer, Burkholder & Baker* and *James P. Burnes,* for appellee Westerville Board of Education.

CARNEY, J. This matter is before us on the appeal of Margaret A. Mayes from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Unemployment Compensation Board of Review. The board of review denied appellant's application for unemployment compensation benefits.

Margaret Mayes was employed by the Westerville Board of Education as a school bus driver from 1976 to April 1, 1985. Her employment was contingent upon the statutory requirement of being certified by the board of education. One of the conditions for certification was maintaining an insurable status with the school district's insurance carrier.

In January 1984, appellant was convicted of operating a motor vehicle while under the influence of alcohol ("DWI"). The incident occurred during off-work hours while appellant was driving her own car. Appellant was granted limited driving privileges during her thirty-day suspension. Therefore, she was able to continue her bus-driving duties without any interruption in service. It is unclear at what point in time the school district became aware of appellant's DWI conviction. However, the insurance carrier notified the school district that appellant was uninsurable as a school bus driver effective April 1, 1985. Due to her uninsurable status, the school district had no choice but to revoke her bus driver's certificate and give her notice of the termination of her employment.

Appellant applied for unemployment compensation benefits. The Administrator of the Ohio Bureau of Employment Services denied her request since she had been discharged for just cause in connection with her work pursuant to R.C. 4141.29(D)(2)(a). She appealed this decision to the board of review. An evidentiary hearing was held before a referee. The referee affirmed the administrator's

decision and found that insurability was a condition of appellant's employment which she failed to maintain. Thereafter, the board of review adopted the referee's decision. Mayes then appealed this decision to the Franklin County Court of Common Pleas pursuant to R.C. 4141.28(O). The common pleas court found the decision of the board of review to be neither unreasonable, illegal, nor against the manifest weight of the evidence. Thereafter, this appeal ensued.

Appellant's sole assignment of error asserts:

"The Court of Common Pleas erred in affirming the decision of the Board of Review disallowing further appeal for the reason that her discharge, solely based on an arbitrary determination of 'insurability,' was unreasonable under the evidence of record, and not a result of willful conduct on Appellant's part, [and,] therefore, could not be considered just cause for discharge under § 4141.29(D)(2)(a)."

In reviewing an appeal on the manifest weight of the evidence to a court of common pleas from an agency ruling, the question for this court is whether the trial court abused its discretion. See *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 52 O.O. 2d 376, 262 N.E. 2d 685. " 'In order to have just cause for discharge, pursuant to R.C. 4141.29, there must be some fault on the part of the employee involved, in the absence of an overwhelming contractual provision. Such fault does not require misconduct; but, nonetheless, fault must be a factor in the justification for discharge.' " *Chandler* v. *Administrator* (1983), 11 Ohio App. 3d 148, 149, 11 OBR 229, 230, 463 N.E. 2d 659, 660. " '[T]he critical issue is not whether an employee has technically violated some company rule, but * * * whether the

employee, by his actions, [has] demonstrated an unreasonable disregard for his employer's best interests.' " *Kiikka* v. *Ohio Bur. of Emp. Services* (1985), 21 Ohio App. 3d 168, 169, 21 OBR 178, 180, 486 N.E. 2d 1233, 1234.

In the facts before us, R.C. 3327.09 requires each school district to procure vehicle liability insurance for the transportation of its school children. Furthermore, R.C. 3327.10(A) sets forth the qualifications for school bus drivers requiring, among other things, that the county board of education or superintendent, depending on the circumstances, issue a certificate to affirm that " * * * such person is at least eighteen years of age and is of good moral character and is qualified physically and otherwise for such position. * * *" Appellant's uninsurable status, caused by her DWI conviction and the revocation of her certificate, made it impossible for her to perform her duties as a school bus driver. Because the school district is statutorily mandated to provide liability insurance for each of its school bus drivers, appellant violated the condition of her employment by failing to maintain her insurable status.

Appellant argues that the board of review's decision finding her to be uninsurable was based solely on an arbitrary decision, was unreasonable, and could not be considered as the "just cause" upon which her termination was based. "Just cause" for terminating a person's employment "is that kind of conduct which an ordinarily intelligent person would regard as a justifiable reason for discharging an employee. * * *" *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280, paragraph four of the syllabus. Although appellant did not violate any board of education regulation, her act, the DWI conviction caus-

ing her to assume uninsurable status, was in violation of her employer's best interests. Her employer, the Westerville Board of Education, was unable to insure her as bus driver, which it was statutorily required to do. Therefore, by violating her employer's best interests, the Westerville Board of Education had a reasonable basis upon which to discharge appellant for just cause. *Kiikka, supra.*

Upon review, there is sufficient evidence in the record to support the common pleas court's decision. The common pleas court did not abuse its discretion in affirming the board of review's decision denying appellant unemployment benefits. Furthermore, as a matter of law, its decision is neither unreasonable nor illegal.

Appellant's sole assignment of error is not well-taken and is overruled. For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.

CARNEY, J., retired, of the Court of Common Pleas of Cuyahoga County, sitting by assignment.