## Ohio Association of Public School Employees
### v.
## Stark County Board of Education
[Cite as 6 AOA 135]

Case No. CA-8050
Stark County, (5th)
Decided August 15, 1990

Robert J. Walter, Robert M. Greggo, Lucas, Prendergast, Albright, Gibson & Newman, 600 South High Street, Columbus, Ohio 43215, for Plaintiffs-Appellants.

Leslie Ann Iams, Assistant Prosecutor, Court House Annex, P.O. Box 20049 - New Market Sta., Canton, Ohio 44701-0049, for Defendant-Appellee.

HOFFMAN, J.

The facts underlying this appeal are simply that the Stark County Board of Education, defendant-appellee herein, adopted a policy concerning the qualifications of its school bus drivers. This provision, Policy 4120. 01, provides that a school

bus driver shall have his driver's certification revoked if the individual accumulates four (4) traffic violation points driving a school district vehicle during a one year period, or accumulates six (6) points driving any vehicle during a one-year span.

Because appellee's "new" policy was more restrictive than those regulations enforced by other boards of education, the Ohio Association of Public School Employees/AFSCME, AFL-CIO (plaintiffs-appellants)filed an action in the Court of Common Pleas of Stark County. This suit sought to have the trial court declare the following:

1. The Stark County Board of Education does not have the authority to impose additional conditions upon individuals who drive school buses or to expand the grounds for which a bus driver's certificate may be revoked;

2. The Stark County Board of Education policy is invalid; and

3. The Stark County Board of Education has no authority to adopt policies or regulations concerning the issuance or revocation of bus driver certificates.

Subsequently both parties filed motions for summary judgment. On November 22, 1989, the court issued and filed a memorandum decision and judgment entry overruling appellant's motion for summary judgment and granting the Board's. The court also declared that appellee-Board had the authority to adopt and enforce its own policy regarding school bus driver qualifications.

Appellant appeals and raises the following five assignments of error:

"ASSIGNMENT OF ERROR NO. I.
THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

"ASSIGNMENT OF ERROR NO. II.
THE TRIAL COURT ERRED WHEN IT HELD THAT R.C. 3327.10 GRANTS AUTHORITY TO A COUNTY BOARD OF EDUCATION TO REVOKE SCHOOL BUS DRIVER CERTIF-ICATES FOR REASONS OTHER THAN SPE-CIFICALLY SET OUT IN THE STATUTE.

"ASSIGNMENT OF ERROR NO. III.
THE TRIAL COURT ERRED WHEN IT HELD THAT A COUNTY BOARD OF EDUCATION

HAS AUTHORITY UNDER O.A.C. 3301-83-06 TO PROMULGATE ADDITIONAL REGULATIONS.

"ASSIGNMENT OF ERROR NO. IV.
THE TRIAL COURT ERRED WHEN IT HELD THAT THE SCHOOL BUS DRIVER CERTIFI-CATE POLICY ADOPTED BY THE STARK COUNTY BOARD OF EDUCATION DID NOT CONFLICT WITH OHIO STATUTES.

"ASSIGNMENT OF ERROR NO. V.
THE TRIAL COURT ERRED WHEN IT DECLARED THAT THE STARK COUNTY BOARD OF EDUCATION HAD THE AU-THORITY TO PROMULGATE THE REGU-LATION REGARDING SCHOOL BUS DRIVER QUALIFICATION."

Appellant has complied with Loc. R. 4(D) by offering the following statement:

"This appeal involves the granting of a summary judgment. Pursuant to Loc. R. 4 of this court, appellants declare that their claim is that the judgment of the trial court is inappropriate on the undisputed facts. No genuine dispute exists as to any material fact or facts. However, as a matter of law, judgment should have been rendered in favor of appellants rather than appellee."

I. III. & V.

As appellee joins the above assignments of error, we do likewise. It being the first of the trio which raises a specific claim of error, we discuss assignment of error III first. The pertinent section under this assignment of error is OAC 3301-83-06(B) which reads as follows:

"The school bus driver should have an under-standing of the role of pupil transportation in the educational program *and meet all the physical, mental and moral requirements established by state laws and regulations and local board of education policies.*" (Emphasis added.)

This provision is unambiguous on its face and we reject appellant's narrow interpretation that "local board of education policies" must only apply to local school districts as defined in R.C. 3311.03. When OAC 3301-83-06 is read in *pari materia* with OAC 3301-83-04 for example, it is clear that Sec. 06 applies to any school district chartered and approved by the State Board of Education.

Additionally, the fifth "qualification" con-tained in OAC 3301-83-06 specifies:

"Holding school bus driver certification by ... a *County Board of Education."* (Emphasis added).

Appellant strives to create ambiguity where none exists; this third assignment of error is overruled.

## V.

R.C. 3327.10(A), quoted in the trial court's memorandum at Pages 2-3 sets forth appellee's clear grant of authority to promulgate the instant regulation. (A copy of the court's memorandum is attached hereto and made a part of our opinion). No error took place in the court's declaration that appellee is vested with the threshold authority to do what it did. This fifth assignment of error is overruled.

## I.

This overall claim of error, which more appropriately should appear as appellant's final assignment of error, is not well taken. For the reasons stated above and for those which follow under Errors II and IV, this assignment of error is overruled.

## II.

As pointed out by the State:

"Under the provisions of the Revised Code, including Revised Code Section 3313.20, the General Assembly has delegated very broad powers to local boards of education. This must of necessity be done to enable local boards to meet local conditions. *Holyrod v. Eibling* (1961), 90 Ohio L. Abs. 78, at 79, affirmed 116 Ohio App. 440, 22 Ohio Op. 2d 264, appeal dismissed, 174 Ohio St. 27, 21 Ohio Op. 2d 254." (Brief at 14-15). In its well-reasoned memorandum, the trial court articulated:

"Similarly, the provision in R.C. 3327.10 that '[a]ny certificate *may* (emphasis added) be revoked by the authority granting the same on proof that the holder has been guilty of (conduct) that results in a loss or suspension of driving rights' does not restrict the certifying authority from implementing additional standards which would enhance the safety of children using the buses, and the violation of which would justify revocation of a certificate." (Memo at 7-8).

We concur in the court's analysis on this revocation question raised herein and overrule same for the above reason.

## IV.

Herein appellant contends that Policy 4120.01 conflicts with R.C. 4507.021 and R.C. 3327.10.

As to R.C. 4507.021, nothing in the Board's policy attempts to supersede, interfere with or clash with the suspension power of the Registrar of Motor Vehicles as set out in R.C. 4507021.

Nor does the Board's policy conflict with R.C. 3327.10. In pointing out that there is no conflict between R.C. 3327.10 and the subject policy, both appellee and the trial court cites *Mayes v. Ohio Bur. of Emp. Serv.* (1986), 32 Ohio App.3d 68. In *Mayes,* the Board of Education revoked a bus driver's certificate and terminated the driver because a DWI offense had made her uninsurable. As the trial court ruled:

"Considering the statutory provisions of R.C. 3327.10 and R.C. 4511.76, and the various rules contained in the Ohio Administrative Code as adopted by the Ohio Department of Highway. Safety, it is this Court's conclusion that a county board of education as the certifying authority for school bus drivers necessarily has the inherent authority to revoke such certifications on the basis of a violation of local policies implemented by such board for the maximum safety of school children in the use of such buses, *as long as such local policies are not in conflict with Ohio statutes* or the rules adopted and enforced by the Ohio Department of Education by and with the consent of the Ohio Director of Highway Safety in accordance with such statute." (Memo at 9-10). (Emphasis added).

Appellant's fourth assignment of error is overruled.

Having overruled all five assignments of error, the fudgment of the Court of Common Pleas of Stark County is affirmed.

MILLIGAN, P.J., concurs.

GWIN, J., dissents.

I must respectfully dissent.

Contrary to the majority's holding that R.C. §3327.10(A) vests appellee with the authority to promulgate the regulations in question, I read that statute as giving no such authority. In fact, R.C. §3327.10(A) provides for the issuance of a bus driver certificate by appellee under the certain requirements listed in that section and for the revocation of that certificate by appellee for the reasons specified in that section.

Nowhere in R.C. §3327.10 (A) does the state legislature grant appellee the authority to adopt regulations concerning the revocation of bus driver certification. It is the State Department of Education, not appellee, that is granted the authority to adopt and enforce regulations relating to the operation of school buses under R.C. §4511.76(A).

For these reasons, the State Legislature has clearly granted the authority to the State Depart-

ment of Education and not the County Boards of Education to adopt regulations concerning bus driver's certification.

Accordingly, I would reverse the judgment of the Stark County Court of Common Pleas.