SPROWLS, Appellant,

v.

OHIO DEPARTMENT OF JOB & FAMILY SERVICES et al., Appellees.

[Cite as *Sprowls v. Ohio Dept. of Job & Family Serv.,*
156 Ohio App.3d 513, 2004-Ohio-1317.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20139.

Decided March 19, 2004.

Frederick A. Vierow, for appellant.

Jim Petro, Attorney General, and David E. Lefton, Senior Assistant Attorney General, Health and Human Services Section, for appellees.

GRADY, Judge.

{¶ 1} This appeal is from a judgment of the court of common pleas affirming a decision of the Unemployment Compensation Board of Review, which had determined that appellant, Glenn R. Sprowls, is not entitled to unemployment compensation benefits because he was discharged from his employment for just cause.

{¶ 2} Sprowls began working as a truck driver for MRG Transport ("MRG") on or about September 11, 2001. On May 22, 2002, Sprowls's truck collided with a horse-drawn buggy. Shortly thereafter, MRG received a letter from its insurance carrier stating that Sprowls no longer met the "minimum driver underwriting guidelines" and that this might effect MRG's insurance policy. On June 3, 2002, MRG terminated Sprowls because he was no longer insurable.

{¶ 3} Sprowls filed an application for determination of benefits with the Ohio Department of Job and Family Services ("ODJFS"). On July 22, 2002, ODJFS made its initial determination denying unemployment benefits to Sprowls, finding that MRG had discharged Sprowls with just cause in connection with work.

{¶ 4} Sprowls filed an appeal of this initial determination. On September 22, 2002, the Director of ODJFS issued a redetermination affirming the initial decision to deny benefits.

{¶ 5} Sprowls then filed an appeal of the director's redetermination. The director transferred Sprowls's case to the Unemployment Compensation Review Commission ("Review Commission"). On January 31, 2003, an appointed hearing officer for the Review Commission conducted an evidentiary hearing. In a decision mailed February 11, 2003, the hearing officer affirmed the director's initial decision and held that Sprowls had been discharged by MRG for just cause in connection with work.

{¶ 6} On April 18, 2003, Sprowls filed an appeal in the court of common pleas. On September 5, 2003, the court entered a decision overruling Sprowls's motion and affirming the Review Commission's findings. Sprowls filed a timely notice of appeal.

ASSIGNMENT OF ERROR

■ {¶ 7} "The trial court erred by not finding that the hearing officer's determination the appellant was fired for just cause was unlawful, unreasonable or against the manifest weight of the evidence."

{¶ 8} The General Assembly has enacted the Ohio Unemployment Compensation Act, R.C. 4141.01 through 4141.47, 4141.99, to establish the policy and laws of the state regarding payments from a fund maintained by the state to persons who become unemployed. The purpose of the Act is to provide financial assistance to individuals who are able and willing to work but who find themselves unemployed through no fault of their own. *Alsip v. Klosterman Baking Co.* (1996), 113 Ohio App.3d 439, 680 N.E.2d 1320.

{¶ 9} R.C. 4141.29 provides that "[e]ach eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment * * * subject to the conditions stipulated in this chapter." Paragraph (D)(2)(a) of that section states that an individual may not be paid benefits when "[t]he individual * * * has been discharged for just cause in connection with the individual's work * * *."

■ {¶ 10} The Unemployment Compensation Board of Review found that Sprowls is not entitled to receive benefits because MRG terminated him for just cause. "An appellate court may reverse the Unemployment Compensation Board of Review's 'just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of syllabus.

{¶ 11} "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 482 N.E.2d 587. Just-cause determinations in the unemployment compensation context, however, also must be consistent with the legislative purpose underlying the Unemployment Compensation Act.

{¶ 12} "The [A]ct was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." *Irvine,* supra, 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587. "Thus, while a termination based upon an employer's economic necessity may be *justifiable,* it is not a *just cause* termination when viewed through the lens of the legislative purpose of the Act." (Emphasis sic.) *Tzangas,* supra, 73 Ohio St.3d at 697, 653 N.E.2d 1207.

{¶ 13} "The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an

employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." *Tzangas,* supra, 73 Ohio St.3d at 698–699, 653 N.E.2d 1207. The Review Commission found that Sprowls was discharged for just cause in connection with work. It reasoned:

{¶ 14} "[Sprowls] was discharged by MRG Transport when the employer was notified by the employer's insurance company that [Sprowls] was no longer insurable. Remaining insurable was a requirement of [Sprowls's] employment with MRG Transport. [Sprowls's] failure to remain insurable represents a breach of contract. Claimant was discharged by MRG Transport for just cause in connection with work."

{¶ 15} In its decision affirming the Review Commission's decision, the trial court stated:

{¶ 16} "The first factor this court will determine is whether [Sprowls] was at fault, which would deny him protection of the Act. In this case, [Sprowls], due to an accident, was unable to be insured by MRG's insurance carrier. It is fundamental to the industry that a truck driver must carry insurance. That situation left [Sprowls] unable to perform his job duties.

{¶ 17} "The next issue to consider is whether [Sprowls's] inability to perform his job was due to an outside economic factor. The ultimate act that caused [Sprowls] to be uninsurable was an accident in which [Sprowls] received a citation for excessive speeding and failure to maintain assured clear distance. It is not unreasonable, unlawful or against the manifest weight of the evidence to determine that the discharge of [Sprowls] was due to fault on his own part and not due to an outside economic factor."

{¶ 18} In finding fault on Sprowls's part, the trial court relied on evidence of a traffic citation issued in connection with the collision, which charged Sprowls with a violation of R.C. 4511.21(A) for failing to maintain assured clear distance ahead. However, no evidence was presented showing that Sprowls had been convicted of the violation or that he had incurred any other liability, civil or criminal, as a result of the accident. Sprowls testified that he was never served with the citation. He also introduced a copy of a written note, purporting to be from the prosecuting attorney in charge of the case, stating that the charges against Sprowls had been dismissed.

{¶ 19} It is undisputed that Sprowls's position as a truck driver required him to remain insurable under a policy of liability insurance that his employer maintained. Nor is it disputed that Sprowls was denied further eligibility for coverage by his employer's insurer, or that his employer could validly exercise its

right to terminate Sprowls as a result for reasons of economic necessity. The issue presented is whether the grounds for termination portray some fault chargeable to Sprowls.

■ {¶ 20} In *Mayes v. Ohio Bur. of Emp. Serv.* (1986), 32 Ohio App.3d 68, 513 N.E.2d 818, a school bus driver was discharged for failure to maintain the insurable status her position required when her conviction for a DUI offense committed outside work hours rendered her uninsurable. Being uninsurable permitted her discharge, but just cause for the discharge was found because the claimant's conviction arose from conduct for which she was at fault. "There must be conduct of the employee causing the discharge for there to be just cause for [the] discharge. In addition, such conduct must be of a nature that it is not justifiable." *Morris v. Ohio Bur. of Emp. Serv.* (1993), 90 Ohio App.3d 295, 300, 629 N.E.2d 35.

{¶ 21} Like the claimant in *Mayes,* Sprowls was discharged when he could no longer be insured as a driver. In each case, the cause of the discharge was the employer's economic necessity that its drivers be insured. However, and unlike *Mayes,* the particular conduct from which Sprowls's uninsured status resulted has not been shown to be conduct which, in and of itself, is unjustifiable. *Morris.* No conviction for a violation of the traffic code or any other offense arising from the accident has been shown. Charges that may have been filed were dismissed. No other evidence was introduced showing that Sprowls was at fault in causing the accident.

■ {¶ 22} An employer may terminate an employee for economic necessity when some condition prevents the employee from performing the duties of his job. But just cause for purposes of R.C. 4141.29(D)(2)(a) imposes a different standard; in this context, the condition or circumstance which resulted in the termination must be a matter for which the employee was at fault. "Fault" necessitates culpability, or blameworthiness, on the employee's part. A mere causal nexus between the termination and some circumstance or condition affecting the employee is insufficient to show that the termination was for just cause.

{¶ 23} Appellee argues that "fault" for these purposes has been modified by the holding of *Tzangas.* There, a law firm fired a stenographer because she was unable to develop or maintain the level of typing skills her job required. *Tzangas* held that such unsuitability for a position constitutes fault sufficient to support a just-cause determination and a resulting denial of unemployment compensation benefits.

{¶ 24} *Tzangas* set out a four-prong test for unsuitability: that (1) the employee does not perform the required work; (2) the employer made known its

expectations to the employee at the time of hiring; (3) the expectations were reasonable; and (4) the requirements of the job did not change substantially since the date the employee was hired for the position. Id., paragraph four of the syllabus.

{¶ 25} The second, third, and fourth prongs of the unsuitability test are satisfied here. The first prong is not.

{¶ 26} In *Tzangas*, the matter that prevented the employee from performing the required work was a defect in her skills chargeable to the employee. Here, the matter that prevents Sprowls from performing the required work is a loss of insurability because of a decision made by his employer's insurance carrier. The decision no doubt resulted from the accident involving the buggy. However, in order to show fault, there must be evidence that Sprowls may be blamed for the accident, that is, that he was at fault for causing it.

{¶ 27} There is no evidence that Sprowls was at fault in causing the accident, which in turn caused him to lose his eligibility for coverage under the liability insurance policy his employer maintains. Therefore, the just-cause condition on which R.C. 4141.29(D)(2)(a) permits denial of unemployment compensation benefits was not shown. The trial court erred when it affirmed the board's denial of benefits.

{¶ 28} The assignment of error is sustained. The judgment of the trial court is reversed. The case will be remanded to the trial court for entry of a judgment in favor of Sprowls on his claim for relief.

*Judgment reversed*
*and cause remanded.*

FAIN, P.J., and FREDERICK N. YOUNG, J., concur.