[Cite as *Parrett v. Admr., Unemp. Comp. Rev. Comm.*, 2017-Ohio-2778.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| BRADLEY E. PARRETT, | : | Case No. 16CA15 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| ADMINISTRATOR, | : | ENTRY |
| UNEMPLOYMENT | : | |
| COMPENSATION REVIEW | : | |
| COMM'N, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/08/17** |

_____

APPEARANCES:

Michael DeWine, Ohio Attorney General, and David E. Lefton, Principal Assistant Ohio Attorney General, Columbus, Ohio, for Appellant, Director, Ohio Department of Job and Family Services.

Mark Landes, Isaac, Wiles, Burkholder & Teetor, LLC, Columbus, Ohio, for Appellant Pickaway County Educational Service Center.[1]

Bradley E. Parrett, Circleville, Ohio, Pro Se Appellee.

_____

McFarland, J.

{¶1}  Appellant, Director, Ohio Department of Job and Family Services, appeals the Pickaway County Court of Common Pleas' decision reversing the Unemployment Compensation Review Commission's decision

---

[1] Pickaway County Educational Service Center has not filed a brief on appeal in this matter and is not otherwise participating.

disallowing unemployment compensation benefits to Appellee, Bradley E. Parrett, based upon its determination that Appellee was discharged for just cause by Appellant, Pickaway County Educational Service Center.  On appeal, Appellant contends that the trial court erred in reversing the decision of the Unemployment Compensation Review Commission, as its decision that Appellee was separated from his employment under disqualifying conditions was not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶2}  Because the decision of the Unemployment Compensation Review Commission was not unlawful, unreasonable or against the manifest weight of the evidence, the trial court erred in reversing the decision. Accordingly, the decision of the trial court is reversed.

FACTS

{¶3}  Appellee, Bradley E. Parrett, began working as a resource officer for the Pickaway County Educational Service Center in August of 2011.  His contract for employment for that position provided, among other things, that he "maintain a cooperative working relationship with the Ross County Sheriff Department[]" and that he "[b]e a *commissioned* law enforcement officer by the state of Ohio." (Emphasis added).  At the time Appellee became employed with the Pickaway County Educational Service

Center, he was a commissioned deputy sheriff by the Ross County Sheriff's Office. However, after a complaint was made to the Sheriff's Office by a private citizen regarding Appellee in his capacity as a deputy, the Ross County Sheriff made the decision to revoke Appellee's commission in November of 2014. When the school was made aware that Appellee had lost his commissioned status, the school superintendent informed Appellee he must either resign his position or he would be discharged. Appellee submitted a resignation letter on December 12, 2014, stating that his resignation was "due to the fact that I am no longer affiliated with the Ross County Sheriff's Office."

{¶4} Appellee made application for unemployment compensation benefits on December 12, 2014. The record reflects that Appellee's employer did not challenge the payment of unemployment benefits to Appellee. The Director's file contains a Determination of Unemployment Compensation Benefits dated January 14, 2015, which disallowed benefits due to "a disqualifying separation from employment[,]" and because Appellee was "discharged with just cause." The determination stated "[t]he employer discharged the claimant for not providing and maintaining the license, permit or insurability required to perform the work[,]" and that "[f]acts establish that the claimant was made aware at the time of hire that

he/she was responsible for maintaining the license, permit, or insurability."

{¶5} Appellant appealed the determination and filed a letter

explaining that:

> "As of November 2014 there was a complaint filed against me
> at the sheriff's office, The sheriff decided to pull my
> commission before all the facts were presented.  With him
> pulling my commission I no longer had any deputy authority
> this means I could not arrest, pat down, detain or act in any way
> as an officer.  With my employment working as a resource
> officer at the school it is in my contract the I must be a
> commissioned officer.  At no time did I surrender/forfeit/resign
> or quit, giving up my commission at the sheriff's office.  The
> sheriff pulled my commission and in return I did not meet the
> requirements of the contract at the school.  The school in return
> laid me off giving me the opportunity to draw unemployment
> till all the facets could be worked out and my commission
> reinstated which would in return reinstate job with the school."

On February 11, 2015, a Notice of Redetermination of an Initial Application

of Unemployment Benefits was filed, again disallowing Appellee's

application for unemployment benefits due to "a disqualifying separation

from employment[,]" but stating "the claimant quit without just cause."

{¶6} Appellee again appealed, making the same argument contained

in his first appeal.  On February 18, 2015, the matter was transferred to the

Unemployment Compensation Review Commission.  Thereafter, a telephone

hearing was held on March 5, 2015.  The Pickaway County Educational

Service Center filed a notice prior to the hearing stating that it would not be

participating in the hearing and that it was not contesting Appellee's

application for benefits. Appellee participated in the hearing and was permitted to testify. At this stage, however, Appellee testified that he was not aware he was required to be affiliated with the Ross County Sheriff's Office, but rather he understood he only had to be a "certified police officer." When asked whether his position as resource officer required him to be a "commissioned officer," Appellee testified that his contract only required that he be a "certified police officer," not that he had to be a "commissioned officer." He testified that he was still currently a "certified police officer." He claimed that any requirement that he be commissioned was a change in the job requirements.

{¶7} The decision of the Unemployment Compensation Review Commission was filed on March 5, 2015. The Review Commission findings of fact included findings that 1) Appellee's position required that he be commissioned by the Ross County Sheriff's Office; 2) his commission was revoked on November 25, 2014; 3) the commission was revoked due to a complaint received by the Sheriff's Office; 4) once his commission was revoked he could no longer perform essential contract obligations of the position; 5) he was given the option of being discharged or resigning on December 12, 2014; 6) Appellee offered a letter of resignation in lieu of discharge; and 7) the employer was the moving party in the separation. The

Review Commission's stated reasoning was that the employer acted reasonably in discharging Appellee because he was unable to meet a condition of continued employment, as his commission had been revoked by the Ross County Sheriff's Office. The Review Commission further reasoned that "[w]ithout the commission he was not able to perform the essential functions of the position as he could no longer arrest, perform searches, and complete other essential resource functions." As such, the Review Commission reasoned that Appellee was discharged with just cause. The decision of the Review Commission ultimately affirmed the redetermination findings that disallowed Appellee's claim because he was separated from employment under disqualifying conditions, however, it modified the redetermination finding that Appellee "quit" his employment. The Review Commission modified that decision to instead find that Appellee was discharged with just cause.

{¶8} By letter dated March 23, 2015, Appellee requested the March 5, 2015 decision be reviewed, arguing that a requirement that he be commissioned by Ross County was a change in his contract and that he was unaware, when he was hired, that he had to be commissioned by Ross County Sheriff's Office. In support of his request for review, Appellee attached documents purporting to be copies of the contract presented to him

upon hire, as well as a new, revised contract that was created after he was discharged, that would govern the terms of employment for the resource officer position going forward. Appellant argued that because the new contract contained different requirements from his original contract, the terms of employment had changed. There is no indication from the record, however, that the contract language changed before Appellee was discharged from his position. Thereafter, an Unemployment Compensation Review Commission Decision Disallowing Request for Review was filed on April 15, 2015, disallowing Appellee's claim once again, based upon a review of the entire record, and informing Appellee of his right to appeal the matter to the court of common pleas.

{¶9} Appellee subsequently filed a pro se appeal in the Pickaway County Court of Common Pleas. At this stage, both the Director of the Ohio Department of Job and Family Services and the Pickaway Educational Service Center filed motions to dismiss the appeal. Appellee filed a brief in support of his appeal that contained little argument, but instead appeared to be a compilation of documents contained in the Director's file, as well as several letters addressed "to whom it may concern," that are not part of the official record below. Appellants' position during that appeal was that Appellee's employment was expressly conditioned upon him maintaining a

license or certification (in this case a commission), and that his failure to comply with the condition was just cause for termination. Appellants urged the trial court to affirm the decision of the Review Commission, as it was lawful, reasonable, and not against the manifest weight of the evidence.

{¶10} On September 28, 2016, the trial court issued its decision and entry reversing the decision of the Review Commission. In its decision, the trial court found that the record supported Appellee's contention that the requirement that he be affiliated with the Ross County Sheriff's Office was a new requirement, that Appellee had not initially agreed that he must be affiliated with the Ross County Sheriff and that as such, Appellee was not terminated from his position with just cause. The trial court further reasoned Appellee had only agreed that he had to be a "certified peace officer." The trial court further reasoned that there was no conflicting evidence that the requirements of Appellee's position had changed, and that the manifest weight of the evidence leads to the conclusion that Appellee was discharged without just cause. Thus, the trial court reversed the decision of the Review Commission, finding that that the decision was unlawful, unreasonable and against the manifest weight of the evidence.

{¶11}  It is from this decision issued by the trial court that Appellant,

Director, Ohio Department of Job and Family Services filed its timely

appeal to this Court, setting forth one assignment of error for review.

ASSIGNMENT OF ERROR

"I.     THE PICKAWAY COUNTY COURT OF COMMON PLEAS
        ERRED IN REVERSING THE DECISION OF THE
        UNEMPLOYMENT COMPENSATION REVIEW COMMISSION,
        AS ITS DECISION THAT THE APPELLEE BRADLEY PARRETT
        ("MR. PARRETT") WAS SEPARATED FROM HIS
        EMPLOYMENT UNDER DISQUALIFYING CONDITIONS WAS
        NOT UNLAWFUL, UNREASONABLE, OR AGAINST THE
        MANIFEST WEIGHT OF THE EVIDENCE."

{¶12}  In its sole assignment of error, Appellant, Director, Ohio

Department of Job and Family Services, contends the trial court erred in

reversing the decision of the Unemployment Compensation Review

Commission, a decision which Appellee argues was not unlawful,

unreasonable or against the manifest weight of the evidence.  Appellee

seems to contend that the trial court "understood" and therefore "came to the

conclusion," that he "did not in fact quit his job," but rather that he resigned

for circumstances beyond his control, and therefore correctly reversed the

Review Commission's decision.  Based upon our review of the record and

the following reasoning, we agree with Appellant.

{¶13}  Unlike most administrative appeals where we employ an abuse

of discretion standard, *see Lorain City School Dist. Bd. of Edn. v. State Emp.*

*Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988), our review of an appeal from the decision of the Commission is identical to that of the common pleas court. We must affirm the Commission's decision unless we find the decision to be unlawful, unreasonable, or against the manifest weight of the evidence. *See* R.C. 4141.28(N)(1); *Tzangas, Plakas & Mannos v. Ohio Bur. Of Emp. Serv.*, 73 Ohio St.3d 694, 696, 653 N.E.2d 1207 (1995).

{¶14} In making this determination, we must give deference to the Commission in its role as finder of fact. We may not reverse the Commission's decision simply because "reasonable minds might reach different conclusions." On close questions, where the board might reasonably decide either way, we have no authority to upset the agency's decision. *Irvine v. Unemployment Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). Instead, our review is limited to determining whether the Commission's decision is unlawful, unreasonable or totally lacking in competent, credible evidence to support it. *Id.*

{¶15} R.C. 4141.29(D)(2)(a) provides that an individual may not obtain unemployment benefits if he "has been discharged for just cause in connection with his work." *See also Ford Motor Co. v. Ohio Bur. of Emp. Serv.*, 59 Ohio St.3d 188, 189, 571 N.E.2d 727 (1991). "Just cause" exists if

a person of ordinary intelligence would conclude that the circumstances justify terminating the employment. *Irvine, supra,* at 17. An analysis of just cause must also consider the policy behind the Unemployment Compensation Act, which was intended to provide financial assistance to individuals who become unemployed through no fault of their own. *Tzangas, supra,* at 697. Accordingly, "fault" on an employee's part is an essential component of a just cause termination. *Id.* at paragraph two of the syllabus. The determination of just cause depends on the "unique factual considerations" of a particular case and is, therefore, primarily an issue for the trier of fact. *Irvine, supra,* at 17. The Ohio Supreme Court has recognized that "[t]here is, of course, not a slide-rule definition of just cause." *Irvine, supra,* at 17.

{¶16} It is important to distinguish between just cause for discharge in the context of unemployment compensation and in other contexts. An employer may justifiably discharge an employee without incurring liability for wrongful discharge, but that same employee may be entitled to unemployment compensation benefits. *See Adams v. Harding Mach. Co.*, 56 Ohio App.3d 150, 155, 565 N.E.2d 858, 862 (1989). Further, the Supreme Court of Ohio has noted that "[i]n the case of a police officer, an interpretation of 'just cause' must consider the particular needs of police

departments." *City of Warrensville Heights v. Jennings, et al*., 58 Ohio St.3d

206, 207, 569 N.E.2d 489 (1991).  In *Jennings*, the Supreme Court further

noted as follows:

> "In *Jones v. Franklin Cty. Sheriff* (1990), 52 Ohio St.3d 40, 43,
> 555 N.E.2d 940, 944, we quoted approvingly the common pleas
> court's statement ' " that police officers are held to a higher
> standard of conduct than the general public." ' We further
> stated, 'Law enforcement officials carry upon their shoulders
> the cloak of authority of the state. For them to command the
> respect of the public, it is necessary then for these officers even
> when off duty to comport themselves in a manner that brings
> credit, not disrespect, upon their department.' *Id.* '[I]t is
> incumbent upon a police officer to keep his or her activities
> above suspicion both on and off duty.' *Id.* at 44, 555 N.E.2d at
> 945. Because a higher standard of conduct applies to police
> officers, just cause may exist regarding those officers even
> though it would not exist regarding another employee." *Id*.

**{¶17}**  The Supreme Court of Ohio has further held as follows with

respect to suitability for positions:

> "Unsuitability for a position constitutes fault sufficient to
> support a just cause termination. An employer may properly
> find an employee unsuitable for the required work, and thus to
> be at fault, when: (1) the employee does not perform the
> required work, (2) the employer made known its expectations
> of the employee at the time of hiring, (3) the expectations were
> reasonable, and (4) the requirements of the job did not change
> since the date of the original hiring for that particular position."
> *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv., supra,*
> at 698-699; *see also, Williams v. Ohio Dept. of Job and Family
> Servs*., 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031
> ¶ 27.

Further, in *Williams*, the Supreme Court held that:

"when employment is expressly conditioned upon obtaining or maintaining a license or certification and an employee agrees to the condition and is afforded a reasonable opportunity to obtain or maintain the license or certification, an employee's failure to comply with that condition is just cause for termination for unemployment compensation purposes." *Williams* at ¶ 27.[2]

{¶18} Here, Appellant contends that Appellee's employment was expressly conditioned upon him maintaining his commission with the Ross County Sheriff's Office, and that such commission was necessary for him to perform the essential duties of his job. Appellee seemed to agree with this in the early stages of his application for unemployment compensation benefits. In fact, Appellee himself stated, in a letter dated January 23, 2015, which is part of the Director's file, that he went through training to become a peace officer and was given a "commission" by the elected sheriff (in Ross County) and gained employment. In his letter, Appellee claimed that "[a] 'Commission' is what the sheriff gives his deputy's that gives them the right to act in behalf of the sheriff in his absence." Appellee further explained that once the Sheriff revoked his commission, he "no longer had deputy authority this means I could not arrest, pat down, detain or act in any way as an officer." Notably, Appellee further stated in the letter that:

"[w]ith my employment working as a resource officer at the school it is in my contract that I must be a commissioned officer.

---

[2] *Williams* involved an employee who was discharged for failure to obtain her LISW certification, which was a condition of her employment. We find it applicable to the present case, which involves the failure to maintain the necessary "commission" to perform the essential functions of the job.

> * * * the sheriff pulled my commission and in return I did not
> meet the requirements of the contract at the school."

Appellee submitted this letter after the initial denial of his application for benefits. However, as set forth above, a redetermination was issued again denying Appellee benefits.

{¶19} Somewhere along the way, primarily at the stage of the telephone hearing, Appellee began to argue that his contract did not require him to be a "commissioned" officer, but only a "certified" officer. He further argued that his contract did not require that he be affiliated with the Ross County Sheriff's Office. However, the transcript from the telephone hearing evidences that the hearing officer noted this discrepancy. The hearing officer repeatedly questioned Appellee about the contract requirement that he be a "commissioned" rather than a "certified" officer. Ultimately the hearing officer disallowed Appellee's claim as well, which disallowance was affirmed by the Review Commission.

{¶20} Interestingly, the trial court reversed the decision of the Review Commission, stating in its decision that the requirement that Appellee be affiliated with Ross County Sheriff's Office was a new requirement and thus, that the requirements of the job had substantially changed. As such, the trial court reasoned that the fourth prong of the *Tzangas* test had not been met. The trial court further found that Appellee's

contract only required that he be a "certified peace officer," and not a commissioned one. However, both of these determinations were factually incorrect according to the record before us.

{¶21} As set forth above, Appellee's contract of employment did require that he "maintain a cooperative working relationship with the Ross County Sheriff's Department." This is the equivalent of an "affiliation." It further required that he "[b]e a *commissioned* law enforcement officer by the state of Ohio." (Emphasis added). Taken together these provisions clearly indicate Appellee was required to have an affiliation with the Ross County Sheriff's Office, which he lost when he was decommissioned by the Sheriff. Further, the loss of his commissioned status was a failure to abide by conditions of employment. Additionally, we find Appellee's argument that he only had to be "commissioned" by the State of Ohio, or rather, be a "certified" officer, to be disingenuous. There is correspondence in the file by Appellee's own hand describing the fact that he tried unsuccessfully to obtain a commission from the Pickaway County Sheriff, but could not. When Appellee lost his commission through Ross County, he was no longer a commissioned officer, as required in his job description.

{¶22} Appellee seems to argue, although not clearly, that because he did not voluntarily give up his commission, he was unable to perform his

essential job functions at the school through no fault of his own. "An employer may terminate an employee for economic necessity when some condition prevents the employee from performing the duties of his job." *Sprowls v. Ohio Department of Job & Family Services*, 156 Ohio App.3d 513, 2004-Ohio-1317, 806 N.E.2d 1030, ¶ 22. However, "just cause for purposes of R.C. 4141.29(D)(2)(a) imposes a different standard; in this context, the condition or circumstance which resulted in the termination must be a matter for which the employee was at fault." *Id.* As further explained in *Sprowls*, " '[f]ault' necessitates culpability, or blameworthiness, on the employee's part. A mere causal nexus between the termination and some circumstance or condition affecting the employee is insufficient to show that the termination was for just cause." *Id.*

{¶23} We find Appellee's argument unpersuasive. Because Appellee had his commission revoked by the Sheriff due to a complaint made by a private citizen, we conclude some fault may be presumed on the part of Appellee in losing his commission. Further, as set forth above, "[i]n the case of a police officer, an interpretation of 'just cause' must consider the particular needs of police departments." *Jennings, supra,* at 207. Here, for reasons involving a complaint made to the Sheriff's Office, the Sheriff made the decision to revoke Appellee's commission. It appears, based upon this

record, that Appellee was at fault in having his commission revoked. Further, without a commission, Appellee could not perform the essential duties of his job. Finally, as set forth above, the record supports the Review Commission's determination that Appellee was aware of this requirement upon hire, that the requirements of the job did not change, that Appellee failed to maintain the required commission, as well as the required affiliation with the Ross County Sheriff's Office and, as such, could not perform the requirements of the job. Thus, the presence of these factors results in Appellee's unsuitability for the resource officer position with the school under the *Tzangas* test. *Tzangas, supra,* at 698-699.

{¶24} As such, because the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence, we conclude that the trial court erred in reversing the decision. Accordingly, the judgment of the trial court is reversed.

**JUDGMENT REVERSED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and that Appellant shall recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court,


BY:  _____
Matthew W. McFarland, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**